**DLD-097**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1005
_____

UNITED STATES OF AMERICA

v.

DAVID LOUIS MATHIS,
                              Appellant

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(W.D. Pa. Crim. No. 2:10-cr-00019-001)
District Judge: Honorable Mark R. Hornak

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 23, 2023

Before:  JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed March 1, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

David Mathis spent over a decade in federal prison pursuant to several convictions for armed bank robbery and one for using a firearm during a "crime of violence." 18 U.S.C. § 924(c)(1)(A). Soon after his release, Mathis and an accomplice committed an armed bank robbery, during which one teller was pistol-whipped by Mathis and another teller was shot in the chest. To resolve that case, Mathis and the Government entered into an agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), whereby Mathis would plead guilty to one count of violating § 924(c)(1)(A) and agree to the statutorily mandated minimum sentence of twenty-five years of imprisonment. The United States District Court for the Western District of Pennsylvania accepted the plea and imposed a twenty-five-year prison sentence, plus five years of supervised release.

At present, Mathis's expected release date is May 8, 2031. Seeking to shorten his term of incarceration, Mathis filed in the District Court a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The motion was predicated on numerous factors, including recent changes in federal sentencing law and policy, Mathis's trauma-filled childhood, his volunteer work and military service, his medical profile, and his conditions of confinement during the COVID-19 pandemic.

The District Court denied Mathis's motion. It determined that he failed to present an "extraordinary and compelling reason[]" for release—a statutory prerequisite for relief under § 3582(c)(1)(A)(i). The District Court determined in the alternative that the various factors presented by Mathis were substantially outweighed by the applicable factors under 18 U.S.C. § 3553(a). Specifically:

The instant offense was Mr. Mathis's sixth bank/credit union robbery. He previously served fifteen (15) years in prison for the same offense and then proceeded to commit this crime within only one year of his release. He was of a mature age when he did so, shooting another person, and shooting at other persons, in the process. These were not crimes of immaturity, nor were they "one off" or spur of the moment events of unlikely recurrence. Mr. Mathis is an educated man who has displayed considerable planning and reasoning skills. His conviction record demonstrates that he is also quite capable of being an extraordinarily violent person who has repeatedly terrorized bank tellers and customers with his active use and discharge of guns during robberies, and his credible threats to kill those that get in his way, involving his use of guns in making those threats. His record does not reveal successful and productive efforts to depart from that path, and in fact, upon his release from his most recent prior stint in federal prison for armed robbery, his next and quickest move was to plan his next armed robbery with a newly found recidivist accomplice. The long prison sentence imposed in his case resulted from Mr. Mathis's own horrific unlawful conduct, was agreed to by him in his plea agreement, and none of the bases for sentence reduction proposed by Mr. Mathis, singularly or together, warrant any reduction in that sentence. Mr. Mathis is exactly where his own violent criminal conduct warrants him being and remaining for the duration of his imposed sentence.

Overall, there is not credible evidence advanced that persuades the Court that Mr. Mathis would not be a danger to the community if the Court were to grant this Motion and reduce his sentence, nor would the resulting sentence promote respect for the law and reflect the seriousness of the offense conduct in which he engaged. The record here convinces the Court of exactly the opposite.

DC ECF No. 399 at 28.

This timely appeal, see Fed. R. App. P. 4(b)(1)(A); DC ECF No. 403-1, followed.

We have jurisdiction under 28 U.S.C. § 1291. An order denying a motion for

compassionate release is reviewed for abuse of discretion. United States v. Pawlowski,

967 F.3d 327, 330 (3d Cir. 2020). "An abuse of discretion exists when the decision rests

3

'on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'"

Hope v. Warden York Cnty. Prison, 972 F.3d 310, 320 (3d Cir. 2020) (citation omitted).

For substantially the reasons given in the District Court's opinion, we agree with its determination that, even assuming Mathis had presented one or more extraordinary and compelling reasons for release, a fair weighing of the applicable § 3553(a) factors counseled against granting his motion. There was no abuse of discretion here.[1]

The Government's motion for summary affirmance is thus appropriate and we grant it. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). The District Court's judgment will, as a consequence, be affirmed.

---

[1] We have considered Mathis's arguments on appeal, and have found them unpersuasive. In particular, there is no merit to Mathis's assertion that the District Court erroneously believed it could not consider information available to Mathis, and that was (or could have been) presented, at his first federal sentencing (for the 1994 armed-robbery convictions). The assertion is belied by the District Court's explicit recognition that it was "*not* precluded from considering these matters in the context of the pending Motion," DC ECF No. 399 at 8 (emphasis added), even if the District Court was quick to point out (accurately) that a § 3582(c) proceeding is not an opportunity for a de novo resentencing, cf. Dillon v. United States, 560 U.S. 817, 831 (2010) ("[Section] 3582(c)(2) does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission.").